IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOSÉ LUIS LÓPEZ-PASTRANA,** | **CIVIL NO. 18-1980 (DRD)** |
| *Petitioner,* | (Related Crim. Case No. 14-0060 (DRD)) |
| v. | |
| **UNITED STATES OF AMERICA,** | |
| *Defendant.* | |

**OPINION AND ORDER**

Pending before the Court is Petitioner, José Luis López-Pastrana's *Motion to Vacate or Correct Sentence Under § 2255. See* Docket No. 1. The United States of America submitted its respective response in opposition thereto. *See* Docket No. 6. For the reasons stated herein, the Court **DENIES** the Petitioner's *Motion to Vacate* as **MOOT**.

I.     FACTUAL AND PROCEDURAL BACKGROUND

On January 29, 2014, a Grand Jury returned a Four-Count *Superseding Indictment* against the Petitioner for knowingly and unlawfully possessing, in and affecting interstate commerce, firearms and ammunitions, as defined in 18 U.S.C. §§ 921(a)(3) and 921(a)(17), respectively, that is, a loaded Glock pistol, Model 26, 9mm caliber, bearing an obliterated serial number and a loaded Jimenez Arms pistol, Model JA-380, bearing serial number 080575, .380 caliber, said firearms and ammunition having been shipped and transported in interstate or foreign commerce, all in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) (hereinafter, "Count One"); knowingly and intentionally possessing with intent to distribute a mixture or substance which contained a detectable amount of cocaine, a Schedule II Narcotic Controlled Substance, in

1

violation of 21 U.S.C. § 841(a)(1) (hereinafter, "Count Two"); knowingly and intentionally possessing with intent to distribute a mixture or substance which contained a detectable amount of marihuana, a Schedule I Narcotic Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) (hereinafter, "Count Three"); and knowingly possessing a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, in violation of 18 U.S.C. § 924(c)(1)(A) (hereinafter, "Count Four"). *See Superseding Indictment*, Docket No. 53 in Crim. No. 14-CR-0060 (DRD).

On March 9, 2015, the Petitioner pleaded guilty to Counts Three and Four of the *Superseding Indictment*. *See* Docket No. 104 in Crim. No. 14-CR-0060 (DRD). Accordingly, on July 10, 2015, Mr. López-Pastrana was sentenced to a term of imprisonment of sixty (60) months as to Count Four and no imprisonment as to Count Three. A supervised release term of two (2) years as to Count Three and Five (5) years as to Count Four was also imposed. *See* Docket Nos. 117 and 118 in Crim. No. 14-CR-0060 (DRD).

On July 21, 2015, the Petitioner filed a *Notice of Appeal* as to the Judgment. *See* Docket No. 119 in Crim. No. 14-CR-0060 (DRD). The First Circuit vacated and remanded the Petitioner's Count Three sentence, while also ordering the Court to reconsider and resentence the Petitioner as to the supervised release term imposed to Mr. López Pastrana. The Court was also advised to revisit the sentence on Count Four for the purposes described in the First Circuit's Opinion. *See* Docket No. 127 in Crim. No. 14-CR-0060 (DRD).

Accordingly, on June 15, 2018, the Court resentenced the Petitioner to a term of imprisonment of one (1) month as to Count Three and sixty (60) months as to Count Four of the *Superseding Indictment* to be served consecutive with each other. A supervised release term of

two (2) years as to Count Three and four (4) Years as to Count Four, to be served concurrently with each other, was also imposed. *See* Docket No. 147 in Crim. No. 14-CR-0060 (DRD). Then, on June 21, 2018, the Petitioner filed the instant *Motion to Vacate or Correct Sentence under § 2255* before the First Circuit. "Because a first § 2255 petition must be filed with the 'court which imposed the sentence,' 28 U.S.C. § 2255(a), [the First Circuit] transfer[red] th[e] petition to the United States District Court for the District of Puerto Rico." *See* Fed. R. App. P. 22(a); *see also* Docket No. 156 in Crim. No. 14-CR-0060 (DRD).

The Petitioner essentially argues ineffective assistance from counsel during the resentencing phase of the case at bar as counsel did not request the Court to resentence him to a lower level of confinement, that is, a halfway house or home confinement when he specifically requested counsel to do so. According to the Petitioner, being incarcerated prevents him from properly taking care of his health conditions outside of prison, making it very difficult for him to survive considering his chronic obstructive pulmonary disease and emphysema, which require special treatment and medical equipment. *See* Docket No. 1 at 1.

Yet, for the reasons stated below, the Court must deny Petitioner's request as **MOOT**.

## II.     LEGAL ANALYSIS

***As the instant § 2255 may be construed as an habeas corpus request for a lower level of custody under 28 U.S.C. § 2241[1], and Mr. Lopez Pastrana has been released from prison, the instant petition is now MOOT.***

Due to the particular nature of the case at bar, the Court deems unnecessary to enter into Mr. Lopez-Pastrana's allegations of ineffective assistance of counsel, as a thorough review of the

---

[1] Section 2241 provides in its pertinent part that "[t]he writ of habeas corpus shall not extend to a prisoner unless – (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . ." 28 U.S.C. § 2241.

Petition forces the Court to conclude that Mr. Lopez-Pastrana was actually attacking the conditions of confinement imposed at sentencing rather than counsel's performance. As asserted by the Government, "López faults his counsel for not petitioning for home confinement or residence in a halfway house and states that if he were in these less restrictive conditions he could care for his health conditions with doctors on the outside." *See* Docket No. 6 at 6; *see also* Docket No. 1 at ¶ 2. The Petitioner categorically argues that counsel failed to request home confinement or residence at a halfway house, which prevented him from properly taking care of his health conditions outside of prison. *Id.* Accordingly, Petitioner argues that it would be very difficult to survive in prison considering his chronic obstructive pulmonary disease and emphysema, which require special treatment and medical equipment. *Id.* at 1.

"Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Castro v. United States*, 540 U.S. 375, 381, 124 S. Ct. 786, 791, 157 L. Ed. 2d 778 (2003). In fact, "[t]hey may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." *Id.* (citations omitted).

Upon a careful reading of Mr. Lopez-Pastrana's § 2255 Petition, the Court finds that the Petitioner was seeking better conditions of confinement and release to a lower level of custody, to wit, halfway house or home confinement, wherein he could better attend his health needs, by way of a motion for habeas corpus under 28 U.S.C. § 2241.

As the Petitioner was transferred to a lower level of confinement on December 6, 2018 and subsequently released from custody of the Federal Bureau of Prisons on June 5, 2019, he is

no longer experiencing the health risks enunciated in his § 2255 Petition, thus, the instant Petition is now **MOOT**. *See* Exhibit I; *see also Eaton v. United States*, 178 F.3d 902 (7th Cir. 1999)(holding that a claim to be entitled to release for a more to a less restrictive form of custody is within the scope of the habeas corpus statute 28 U.S.C. § 2241. However, as the petitioner's transfer to halfway house was prior to the filing of the § 2241 motion, his claim is now moot.)

### III.    CONCLUSION

For the reasons elucidated above, the Court hereby **DENIES** Petitioner Jose Luis Lopez-Pastrana's *Motion to Vacate or Correct Sentence Under § 2255* (Docket No. 1) as **MOOT.** Judgment of dismissal is to be entered accordingly.

It is further ordered that no certificate of appealability be issued in the event that the petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional or statutory right within the meaning of 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of June, 2020.

*S/ DANIEL R. DOMINGUEZ*
Daniel R. Dominguez
United States District Judge